IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED

AUG 1 2 2004

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

MARCUS WILLIAMSON
        PLAINTIFF,

VS.                                          CASE # *5:04-0859*

MARTY C. ANDERSON, WARDEN

MELISSA LESLEY, CASE MANAGER

ANDY RONET, UNIT MANAGER    *(RONat)*          *Jury Trial*

JIM HASBROUCH, COUNSELOR

MONTY CHRISTY, COUNSELOR

CURTIS LIPPS, COUNSELOR
        DEFENDANTS


## MOTION FOR CIVIL RIGHTS VIOLATIONS

**PRELIMINARY STATEMENT**

This is a civil rights action filed by Petitioner Marcus Williamson, a
Federal prisoner, for exemplary, punitive, and injunctive relief under
**42 U.S.C. § 1331** and **1343.**

**JURISDICTION**

The court has jurisdiction over the plaintiff's claims of violation of
Federal Constitutional rights under **42 U.S.C. § 1331 (a)** and **1343.**

**PARTIES**

The plaintiff, Marcus Williamson is incarcerated at Federal Correctional
Institution Facility (Beckley) during the events described in this complaint.

**DEFENDANTS**

Marty C. Anderson (Warden at FCI-Beckley); Melissa Lesley (Case Manager
FCI-Beckley Camp); Andy Ronet (Unit Manager); Jim Hasbrouch (Counselor);
Monty Christy (Counselor); Curtis Lipps (Counselor); all are correctional
officers employed at FCI-Beckley Facility. They are sued in their official
and individual capacities.

Defendant Melissa Lesley is a Case Manager employed at FCI-Beckley Camp. She is sued in her official and individual capacities.

Defendant Andy Ronet is a Unit Manager employed at FCI-Beckley. He is sued in his official and individual capacities.

Marty C. Anderson is the Warden employed at FCI-Beckley. He is sued in his official capacity.

Defendant Monty Christy is a Counselor employed at FCI-Beckley. He is sued in his official and individual capacities.

Defendant Jim Hasbrouch is a counselor employed at FCI-Beckley. He is sued in his official and individual capacities.

Defendant Curtis Lipps is a counselor employed at FCI-Beckley. He is sued in his official and individual capacities.

All defendants have acted and continued to act under color of law at all times relevant to this complaint.

## FACTS

On December 31, 2003, the plaintiff was removed from general population at FCI-Beckley and placed in segregation charged with fighting with an inmate by the name of Ralph Scates Reg. #16929-074 in Oak A Upper unit.

On December 31, 2003 a correctional officer by the name of M. Brown at about 6:45 a.m. stated in her incident report #1176726: "I saw Inmate Williamson Reg. #20496-054 physically wrestling with Inmate Scates, Reg. #16929-074 after avoiding an attempted strike with an elongated dust pan which Inmate Scates initiated. I ordered the inmates to stop. Both inmates immediately separated and walked in different directions."

On January 7, 2004, the plaintiff was seen by the Disciplinary Housing Officer Mr. Kilgore, who expunged the plaintiff's incident report and determined that the plaintiff was assaulted and can be released on January 7, 2004.

## DENIAL OF DUE PROCESS—CRUEL AND UNUSUAL PUNISHMENT

The officers on duty told the plaintiff that he was not going to be released because Case Manager Melissa Lesley and the Unit Team said "He couldn't be released because we are going to hold him for pending transfer."

Approximately January 18, 2004, Petitioner spoke with Defendant Andy Ronet about why he was being held in segregation without any Detention Order or hearing after the incident report was expunged. Mr. Ronet said, "Oh, your disciplinary time is about up." The plaintiff asked him what disciplinary time was he talking about because his incident report was expunged. He said, "I will have to get back with you", as if he didn't know what was going on.

On January 19, 2004, I spoke with Mr. Hasbrouch and he said, "I was told by Melissa Lesley and Andy Ronet that you were being transferred, and they were responsible.

1). The plaintiff was never given a written statement of reasons and evidence relied on by the hearing committee, or an Administrative Detention Order for it's decisions for extending the plaintiff's stay in Administrative Custody.

2). The reasons for the plaintiff's extended confinement in Administrative Custody were not among those permitted under applicable regulations.

3). Plaintiff Williamson did not receive a timely hearing during his extended time in Administrative Custody.

4). He was not provided with the required written statement or Administrative Detention Order of evidence relying and reasons for his extended time in Administrative Custody.

(3)

5). The defendants have failed to demonstrate that the substantive reasons for Williamson's incarceration in Administrative Custody satisfied Bureau of Corrections Administrative Directive 801 or Program Statement 5270.07.

## CRUEL AND UNUSUAL PUNISHMENT & DELIBERATE INDIFFERENCE

Defendants M. Lesley, A. Ronet, J. Hasbrouch and M. Christy knew or should have known that the plaintiff Williamson was never up for any transfer and it was stratagem to throw Williamson off from the real reason for his extended stay in the Special Housing Unit. The defendant's actions were malicious and wanton. Plaintiff Williamson's Constitutional Rights were clearly established at the time of their conduct. The defendants knew or should have known of his rights and their conduct violated the Constitutional norm or, unless they acted with the malicious intention to cause a deprivation of Constitution Rights or other injuries to plaintiff.

## EQUAL PROTECTION

The plaintiff confinement in Administrative Segregation by the defendants was a violation of the Equal Protection rights of the Constitution. Releasing the plaintiff's assailant consequently before releasing the plaintiff who was determined assaulted, was a racial, malicious and sadistic act. The plaintiff Williamson is entitled to the same rights as any Caucasian or other race that is incarcerated. Keeping the plaintiff in confinement (segregation) caused him physical and mental injuries. The plaintiff had to be placed back on medication with increased dosage (Prozac or Effectsor) and seen for psychotherapy for mental and emotional depression. The plaintiff could not get the regular exercise as other inmates in general population and, could not have personal hygiene such soap, toothpaste, deoderant, etc. like inmates in general population. Plaintiff

(4)

could not change clothes on a daily basis or take appropriate showers "due to the
time of season the water was cold because of the snow and ice" as other inmates
in general population. The plaintiff could not sign up for any academic courses
or join in any activities in Education, Recreation, church, etc. like other
inmates in general population. The plaintiff failed two academic courses he was
enrolled in before the incident occurred, the subjects being English and Spanish.
Plaintiff would not be accepted in any other courses because of the defendants
conspiracy against the plaintiff. The plaintiff was on phone restriction for
thirty (30) days before he could attempt to contact his family members, when
if in regular population the plaintiff could use the telephone an a daily basis.

## CONSPIRACY AND CRUEL AND UNUSUAL PUNISHMENT

Defendant Curtis Lipps was conspiring with his co-defendants M. Lesley,
A. Ronet, M. Christy, J. Hasbrouch and the Warden Marty C. Anderson. The
plaintiff was released on February 17, 2004 from the special Housing Unit and
moved to another housing unit away from his assailant Inmate Scates. The defendant
Curtis Lipps personally told the plaintiff that one of the defendants, Monty Christy,
was responsible for his extended stay in Administrative Custody. When the plaintiff
filed on the party, Mr. Lipps denied saying that Mr. Christy was involved.
Furthermore, he would not accept the plaintiff's Administrative Remedy form on
the defendants. Prison officials may not retaliate against or harass an inmate
because of the inmates exercise of filing Administrative Remedies and access to
the courts.

Defendant Marty C. Anderson was conspiring with the defendants by going
along with their stratagem. I filed on Mr. Anderson (Warden) for using profane
language to me when I asked him why was there an extension for my Administrative

Remedy (BP 9). It took place in the chow hall.

I approached Mr. Anderson asking him why my Administrative Remedy (BP 9) was to be extended. He said "we need more time to respond." Then he said "You are trying to sue us and you want my help? Well, you ain't gonna get sh**!" I asked Mr. Anderson why he spoke to me in such a manner. He responded, "That's how it is, I guess we are the reason you are here and that's what's wrong with our country today." the Region said they responded on May 19, 2004. I haven't received any response to Remedy ID 332087-R2 and when I wrote a cop-out to the Administrative Remedy Coordinator, they did not send me a copy of the filed report.

## CLAIMS OF RELIEF

The actions of the defendants Melissa Lesley, Andy Ronet, Monty Christy, Jim Hasbrouch, and Marty Anderson in the conspiracy of keeping plaintiff Williamson in Administrative Segregation without any Administrative Detention Order or an Administrative written statement of reasons and evidence relied upon by the hearing committee was a violation of the U.S. Constitution's Fifth Amendment rights.

The acts of defendants Melissa Lesley, Andy Ronet, Monty Christy, and Jim Hasbrouch was malicious and wanton. Their conduct violated the Constitutional norm of the Eighth Amendment (Cruel and Unusual Punishment) causing physical and emotional distress to the plaintiff. Furthermore, an act of deliberate indifference to cause emotional pain to plaintiff. The defendants knew or should have known that the plaintiff was under psychological care and was emotionally depressed.

The actions of the defendants M. Lesley, A. ronet, M. Christy, J. Hasbrouch and M. Anderson was violation of Equal Protection and racial discrimination of the U.S. Constitution by letting the plaintiff's assailant back into general population before releasing the plaintiff.

The actions of the defendant Curtis Lipps was a violation of the U.S. Constitution Eighth Amendment right. (Cruel and Unusual Punishment) and conspiring with the defendants. His direct involvement with the defendants by knowing who was responsible for holding the plaintiff in Administrative Custody and stating to the plaintiff that Monty Christy was the one held accountable for the plaintiff's extended confinement, by not accepting the plaintiff's Administrative Remedies and denying that he told the plaintiff who was responsible.

## RELIEF REQUESTED

Wherefore the plaintiff requests that the court grant the following relief:

A.    The physical and emotional abuse of the plaintiff by defendants Melissa Lesley, Andy Ronet, Monty Christy, Jim Hasbrouch, Curtis Lipps and Marty Anderson violated the plaintiff's rights under the Fifth and Eighth Amendments of the United States Constitution and was a conspiracy.

B.    Award compensatory damages jointly and severely against:

1.    Defendants Melissa Lesley, Andy Ronet, Monty Christy, Jim Hasbrouch, Curtis Lipps and Marty Anderson for the punishment and emotional injuries sustained as a result of the plaintiff's segregation.

2.    Defendants Melissa Lesley, Andy Ronet, Monty Christy, Jim Hasbrouch and Marty Anderson for the punishment and emotional injury resulting from denial of Due Process in connection with the plaintiff's disciplinary proceedings.

3.    Defendants Melissa Lesley, Andy Ronet, Monty Christy, Jim Hasbrouch, Curtis Lipps and Marty Anderson for emotional and psychological damages including personal humiliation and mental anguish and injuries to the qualities of my life like placement in segregation for an extended amount of time and deprivation of privileges like any other inmate in general population.

(7)

C.    Award punitive, exemplary and injunctive damages against defendants Melissa
      Lesley, Andy Ronet, Monty Christy, Jim Hasbrouch, Curtis Lipps and Marty
      Anderson.