IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

MARCUS T. WILLIAMSON,

        Plaintiff,

v.                                   CIVIL ACTION NO. 5:04-0859

MARTY ANDERSON, Warden,
Federal Correctional Institution,
Beckley, West Virginia, *et al*.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Plaintiff Marcus T. Williamson's Cross-Motion for Summary Judgment. The Magistrate Judge submitted findings of fact pursuant to 28 U.S.C. § 636(b)(1)(B) and recommended that this Court grant Defendants' Motion to Dismiss and deny Plaintiff's Cross-Motion for Summary Judgment. Plaintiff objects to the Magistrate Judge's Proposed Findings and Recommendation. Upon *de novo* review, the Court accepts and incorporates herein the Proposed Findings and Recommendation of the Magistrate Judge, **GRANTS** Defendants' motion, and **DENIES** Plaintiff's motion.

Plaintiff filed this action *pro se* against the following individuals in both their official and individual capacities: (1) Marty C. Anderson, Warden at FCI Beckley; (2) Melissa Leslie, a

Case Manager at FCI Beckley; (3) Andy Ronat, a former Unit Manager at FCI Beckley;[1] (4) James Hasbrouck, a Counselor at FCI Beckley; (5) Monty Christy, a Counselor at FCI Beckley; and (6) Curtis Lipps, a Counselor at FCI Beckley.  Plaintiff alleges that his treatment at FCI Beckley violated his constitutional rights to due process and equal protection and his right to be free from cruel and unusual punishment under the Eighth Amendment.  He further asserts that his treatment was racially motivated.  Upon considering these claims, the Magistrate Judge determined they could not survive.

The underlying facts giving rise to Plaintiff's claims stem from Plaintiff being placed in segregation on December 31, 2003, because of an incident report stating that Plaintiff had a fight with another inmate.  On January 7, 2004, a Disciplinary Hearing Officer expunged the incident report after determining that Plaintiff was the victim of the assault.  The Hearing Officer authorized Plaintiff's release back into the general population.  However, Plaintiff remained in segregation until February 17, 2004.  Defendants assert that it was necessary to keep Plaintiff in segregation until it could be determined that his presence in the general population would not pose a threat to his safety, the safety of others, or the security and orderly running of the facility and until a bed in a separate unit from the inmate who assaulted Plaintiff became available.

Plaintiff complains his continued detention violated the applicable regulations of the facility, he was not given a timely hearing, and he was not given a written statement of reasons or informed of the evidence being relied upon in keeping him in detention.  Plaintiff also asserts that

---

[1]Mr. Ronat states he is now retired.

the inmate who assaulted him was white and was released from segregation while he continued to be held. Plaintiff states that his continued segregation prevented him from exercising, keeping personal hygiene items, showering, changing clothes, taking part in academic and religious programs, and telephoning family members. He also alleges that his segregation caused him to be depressed.

In considering Plaintiff's argument, the Magistrate Judge first recognized that Defendants' concern about safety and the orderly running of the facility are valid reasons for keeping Plaintiff in detention.[2] However, the Magistrate Judge also found that Defendants did not follow the procedures set forth by the Bureau of Prisons (BOP) in holding Plaintiff in segregation. Specifically, the Magistrate Judge found that the regulations require Defendants to review Plaintiff's status within two days of his administrative detention and to hold a formal hearing within seven days thereafter, and it was not evident from the record that Defendants complied with these requirements. The Magistrate Judge found it did appear that Defendants followed the requirement of reviewing Plaintiff's status every seven days while he was in segregation and a hearing was held after Plaintiff was held in segregation for a period of thirty days. Although it did not seem to be specifically required, the Magistrate Judge further stated it would have been prudent to issue another administrative detention order informing Plaintiff of the reasons why he was being held after the Hearing Officer found he could be released. Given that there were failures to comply with some of

---

[2]The Magistrate Judge sets forth the relevant regulations in the Proposed Findings and Recommendation, and this Court sees no reason to reiterate all those regulations here.

the relevant procedures, the Magistrate Judge went on to consider whether or not these failures violated Plaintiff's constitutional rights and whether Defendants are entitled to qualified immunity.

With respect to Plaintiff's Fifth Amendment rights, the Magistrate Judge reviewed several cases which involved inmates placed in segregation. Based upon these cases, the Magistrate Judge found that Plaintiff's forty-two days of segregation could not be regarded as an extended period of time. In addition, despite the fact that Defendants did not comply with all the applicable regulations, Plaintiff's status was reviewed every seven days and after thirty days. Thus, based upon these facts, the Magistrate Judge concluded that Plaintiff's segregation was not a condition of confinement "which exceeded his sentence in an unexpected manner or created an atypical or significant hardship in relation to the ordinary incidents of prison life." *Proposed Findings and Recommendation*, at 16. Moreover, the Magistrate Judge found that "no liberty interest can be said to have existed by virtue of the regulations, and no violation of due process can therefore be said to have occurred." *Id.* Accordingly, the Magistrate Judge determined that Plaintiff's claims that his due process rights were violated and that Defendant's conspired to violate his rights were without merit.

The Magistrate Judge likewise found that Plaintiff's Eighth Amendment claim was without merit. Plaintiff's complained that he became depressed while in segregation and he could not exercise, keep personal hygiene items, change clothes, shower, participate in academic and religious programs, or telephone family members in the same manner as inmates in the general population could. However, the Magistrate Judge found that it appeared that Plaintiff received

mental health treatment while in segregation and the circumstances he complains about are not uncommon for segregated inmates to experience. Therefore, the Magistrate Judge concluded that Plaintiff's conditions of confinement did not violate the Eighth Amendment.

The Magistrate Judge next considered Plaintiff's claims of equal protection and discrimination. Plaintiff asserts that he was held in segregation because of his race, while his assailant, who is white, was allowed to go back into the general population. However, as indicated by the Magistrate Judge, there is no evidence that Defendants made it a practice to prefer inmates of one race over another race. In addition, even if Plaintiff's allegation is true, the evidence in this case shows that Defendants had a legitimate reason to hold Plaintiff in segregation. Thus, the Magistrate Judge found Plaintiff's claims of equal protection and discrimination could not survive.

The last area addressed by the Magistrate Judge is Defendants' claim that they are protected by qualified immunity. The Magistrate Judge concluded that qualified immunity did apply because Plaintiff failed to allege a violation of a clearly established constitutional right.

In his objections, Plaintiff complains about Defendants failure to follow procedures. He also asserts that his segregation was prolonged and indefinite, it amounted to an atypical and significant hardship on him, and the conditions he was under constituted cruel and unusual punishment in violation of the Eighth Amendment. He further asserts that he was treated discriminatorily, his equal protection rights were violated, and Defendants should not be entitled to qualified immunity. The Magistrate Judge thoroughly considered these arguments in his Proposed

Findings and Recommendation. Having fully reviewed the record in this case, the Magistrate Judge's Proposed Findings and Recommendation, and Plaintiff's objections, the Court agrees with the Magistrate Judge's decision and finds nothing new in Plaintiff's objections which would change that analysis.

Accordingly, the Court **ACCEPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendation of the Magistrate Judge and **GRANTS** Defendants' Motion to Dismiss, **DENIES** Plaintiff's Cross-Motion for Summary Judgment, and **DENIES** Plaintiff's objections. Thus, the Court **DISMISSES** this case with prejudice and **DIRECTS** the Clerk to strike this case from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    March 16, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE